IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN LEEMAN, :
: 
    Petitioner :
:
v. : CIVIL NO. 4:CV-05-1349
:
HARLEY LAPPIN, ET AL., : (Judge Jones)
:
    Respondents :

## ORDER

December 20, 2005

## Background

On March 18, 2005, this Petition for Writ of Habeas Corpus ("the Petition"), filed pursuant to 28 U.S.C. § 2241, was initiated in the United States District Court for the Eastern District of Pennsylvania by John Leeman ("Petitioner" or "Leeman"), an inmate confined at the Schuylkill Federal Correctional Institution, in Minersville, Pennsylvania ("FCI-Schuylkill"). By Order dated May 26, 2005, Leeman's Petition was transferred to this Court from the Eastern District.[1] After Petitioner's payment of the required filing fee on July 13, 2005, service of the Petition was ordered on July 15, 2005.

Named as Respondents are Director Harley V. Lappin and Regional Director D. Scott Driscoll of the Federal Bureau of Prisons ("BOP"), and FCI-Schuylkill

---

1. The file was actually forwarded to this Court on June 28, 2005.

Warden Ronnie R. Holt. The Petitioner was convicted of federal income tax evasion and began serving a fifteen (15) month sentence on November 1, 2004. Leeman's present Petition challenged the BOP's calculation of his sentence with respect to his eligibility for placement in a Community Corrections Center ("CCC") or halfway house. Petitioner indicated that the Respondents had determined that he would be eligible for halfway house placement on October 25, 2005 while it was his position that he became eligible on as of May 24, 2005 (six months prior to the expiration of his sentence).

In their response, Respondents argued that there was no basis for federal habeas corpus relief because "Leeman does not have a right to be housed in a CCC for the final six months of his sentence." (Rec. Doc. 8 at 1). Petitioner did not file a reply to the response. On March 3, 2005, Respondents filed a "Notice of Mootness" arguing that the Petition should be dismissed as moot because Leeman was transferred to a CCC on October 25, 2005 and was thereafter "released to the community via good conduct time release." (Rec. Doc. 10 at 1.

**Discussion**

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome' of the lawsuit." <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477-78 (1990); <u>Preiser v. Newkirk</u>, 422 U.S.

395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. <u>Lewis</u>, 494 U.S. at 477.

A habeas petitioner like Leeman who asserts a claim related to his eligibility for CCC placement always satisfies the case or controversy requirement by the mere fact of his incarceration. The existing incarceration constitutes the injury, and may be redressable by the invalidation of the conviction or in this case placement in a CCC. However, in a case like the present, where the incarceration has ended, ". . . some 'collateral consequence' of the conviction (or parole) -- must exist if the suit is to be maintained." <u>Spencer v. Kemna</u>, 523 U.S. 1, 118 S. Ct. 978, 983 (1998).[2]

Petitioner's present action sought only his transfer to a CCC. (Rec. Doc 1 at 12). As previously noted, Respondents have informed this Court that the Petitioner was transferred to a CCC during October, 2005 and thereafter released to the community via good conduct time on December 2, 2005. (Rec. Doc. 10 at 1).

Based on the rationale as set forth by the Supreme Court in <u>Spencer</u>, in order for Leeman to maintain this action, continuing collateral consequences must exist or be presumed. <u>Id.</u> It has been held that most criminal convictions do involve adverse collateral legal consequences. See <u>Sibron v. New York</u>, 392 U.S. 40, 55 (1968);

---

2. In <u>Spencer</u>, an attack to a parole revocation by a prisoner who had gained his release was deemed to lack any collateral consequences.

3

Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968). However, the same presumption of collateral consequences has been found not to extend to the situation of requests for jail time credit. See Johnson v. Riveland, 855 F.2d 1477 (10th Cir. 1988) (a challenge to the denial of credit against a minimum term of confinement which determined an initial parole eligibility date became moot when the petitioner was paroled).

Petitioner has failed to assert or demonstrate any collateral consequences which may be attributable to his instant claim of delayed CCC placement. As such, under the principles set forth in Spencer and Johnson, Leeman's release from incarceration has caused his instant Petition to become moot since it no longer presents an existing case or controversy.

**NOW, THEREFORE, IT IS ORDERED:**

1. The Petition for Writ of Habeas Corpus is dismissed as moot.
2. The Clerk of Court is directed to close the case.
3. Based on the Court's decision herein, there is no basis for the issuance of a certificate of appealability.

John E. Jones III
United States District Judge